IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KIMBERLY K. KINSETH,<br><br>Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. C 12-3033-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR REMAND** |

This case is before me on Plaintiff Kimberly Kinseth's (Kinseth's) motion for remand, filed May 20, 2013 (docket no. 13). Defendant filed a resistance to Kinseth's motion on June 17, 2013 (docket no. 16). For the reasons discussed below, Kinseth's motion is denied.

In this case, Kinseth claims that she is entitled to disability insurance benefits under Title II of the Social Security Act. Specifically, Kinseth claims that she has been disabled since October 10, 2008, due to bipolar disorder, fibromyalgia, degenerative disc disease, arthritis, bulging disk, asthma, and depression. On April 25, 2011, an Administrative Law Judge (ALJ) ruled that Kinseth was not disabled since October 10, 2008, and therefore was not entitled to disability benefits. Kinseth appealed the ALJ's decision to the Appeals Council, which denied the appeal. On May 18, 2012, Kinseth filed a complaint in this court seeking review of the ALJ's decision. I referred the case to Magistrate Judge Strand, who filed a Report and Recommendation (R&R) recommending that I affirm the ALJ (docket no. 10).

Kinseth now requests that I remand this case to the Commissioner "for the consideration of new and additional evidence" (docket no. 13, ¶ 3). In particular,

Kinseth claims that, since the ALJ denied her original claim, the Commissioner determined that she "was disabled prior to April 26, 2011" (docket no. 13, ¶ 6). In support of her claim, Kinseth offers a Disability Determination Explanation (DDE) dated March 21, 2013, showing that the Commissioner awarded Kinseth disability benefits beginning on April 26, 2011, the day after the ALJ denied Kinseth's original claim (docket no. 13-2). Kinseth argues that this new disability determination "constitutes new and material evidence of disability," entitling her to a remand on the original claim now before me (docket no. 13, ¶ 9).

"The 'exclusive methods' for district courts to remand to the Commissioner are in sentences four and six of 42 U.S.C. § 405(g)." *Travis v. Astrue*, 477 F.3d 1037, 1039 (8th Cir. 2007) (citations omitted). Sentence four of 42 U.S.C. § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Sentence six of 42 U.S.C. § 405(g) provides:

> The court may . . . remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

In her memorandum supporting her motion for remand, Kinseth claims to seek remand under both sentence four and sentence six. But, Kinseth only argues for remand based on the standards in sentence six. Thus, I will evaluate Kinseth's request solely under sentence six.

By its text, sentence six allows me to remand this case only if Kinseth (1) presents "new evidence which is material" to the ALJ's prior ruling and (2) shows "good cause" for failing to present the new evidence at a prior hearing. "To be considered material, the new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied." *Hepp v. Astrue*, 511 F.3d 798, 808 (8th Cir. 2008) (quoting *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997) (internal quotation omitted)). "Good cause does not exist when the claimant had the opportunity to obtain the new evidence before the administrative record closed but failed to do so without providing a sufficient explanation." *Id.*

Applying these standards to the case at hand, Kinseth's request for a sentence six remand fails at the first step because she points to no new, material evidence establishing her alleged disability prior to the ALJ's decision in this case. The only new "evidence" that Kinseth offers is the March 21, 2013, DDE awarding Kinseth benefits beginning on April, 26, 2011, the day *after* the ALJ denied Kinseth's original claim (docket no. 13-2). Because April 26, 2011, falls outside the range of dates considered by the ALJ in this case, the DDE is not "probative of [Kinseth's] condition for the time period for which benefits were denied" and is thus not "material." *Hepp*, 511 F.3d at 808 (quotation omitted). Rather, the DDE is merely a subsequent determination that Kinseth was disabled.

"The subsequent determination that [Kinseth] was disabled does not warrant a remand of [her] initial benefits denial." *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009). As the Sixth Circuit Court of Appeals has explained:

> Under sentence six, the mere existence of the subsequent decision in [Kinseth's] favor, standing alone, cannot be evidence that can change the outcome of [her] prior proceeding. A subsequent favorable decision may be

> *supported by* evidence that is new and material under § 405(g), but the decision is not itself new and material evidence.

*Id.* at 653; *see also Burge v. Dep't of Air Force*, 7 F. App'x 931, 934 (Fed. Cir. 2001) (noting that a "Social Security Administration . . . decision itself is not evidence of disability"). Thus, in arguing for a sentence six remand, Kinseth cannot "rel[y] exclusively on the existence of the subsequent decision." *Allen*, 561 F.3d at 653.

But, that is exactly what Kinseth does in this case; she relies exclusively on the subsequent decision awarding her disability benefits outside of this case's timeframe. Importantly, Kinseth fails to point to—much less provide me with—a single piece of new evidence underlying or supporting the DDE. Kinseth does not even claim that the ALJ lacked any evidence used in the new DDE that would have been relevant to the ALJ's decision. She simply points to the DDE itself as evidence that I should remand this case. Simply pointing to a subsequent favorable determination does not constitute new and material evidence warranting a sentence six remand. Kinseth's motion for remand is therefore denied.

Kinseth's failure to point to any evidence outside of the DDE in support of her motion is reason alone to deny it. I note, however, that the DDE does not appear to be all that helpful to Kinseth's argument. The DDE contains no finding that Kinseth was disabled prior to April 26, 2011. It lists the "established onset date" of Kinseth's disability as April 26, 2011 (docket no. 13-2, at 26). It also summarizes a great deal of evidence gathered *after* the ALJ's decision in this case. From this, Kinseth jumps to the conclusion that "[t]he Commissioner determined Ms. Kinseth was disabled prior to April 26, 2011" (docket no. 13-1, at 3). In support of this conclusion, Kinseth quotes one sentence from the DDE: "[Claimant] is not eligible for disability benefits until the day after the ALJ decision" (docket no. 13-2, at 26).

I understand the inference Kinseth wishes me to draw from the DDE quote: I am supposed to infer from the quote that the only reason Kinseth cannot now recover benefits from before April 26, 2011, is because she lacks *eligibility*, not *disability*. But, even assuming that this is the only reasonable inference I could make (it is not), it is still just an inference. 42 U.S.C. § 405(g) requires "a showing that there is new *evidence* . . . ." As discussed above, this is where Kinseth's motion falls short.

**THEREFORE,**

Because Kinseth fails to meet the requirements set forth in sentence six of 42 U.S.C. § 405(g), her motion for sentence six remand is denied.

**IT IS SO ORDERED**.

**DATED** this 20th day of August, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA